**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BELLA RABINOWITV, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, BANK OF AMERICA CORPORATION AND GENERAL MOTORS FINANCIAL COMPANY, INC. D/B/A GM FINANCIAL,<br><br>           Defendants. | Case No. 1:20-cv-00496-PKC-SJB<br><br>CLASS ACTION COMPLAINT |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**
**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. In answering the Complaint, Equifax states that it denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint, and specifically denies any allegations in the Complaint that have not been otherwise specifically addressed herein, including any legal conclusions to which a response may be required.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

**INTRODUCTION**

1.      Equifax admits that Plaintiff purports to bring claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, NY CLS Gen Bus § 380, et seq. ("NY FCRA"). Equifax denies that it violated either the FCRA or the NY FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested. Equifax denies any remaining allegations in Paragraph 1 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2.      Equifax states that the FCRA and NY FCRA speak for themselves. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA or the NY FCRA, Equifax denies the allegations in Paragraph 2.

**PARTIES**

3.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4.      Equifax admits the allegations in Paragraph 4.

5.      Equifax admits the allegations in Paragraph 5.

6.      Equifax admits the allegation in Paragraph 6.

7.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 9.

10.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11.     To the extent that Plaintiff has properly alleged her claims, Equifax admits the Court has jurisdiction.

12.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13.     To the extent that Plaintiff has properly alleged her claims, Equifax admits that venue is proper in this judicial district.

## ALLEGATIONS PARTICULAR TO BELLA RABINOWITV

14.     Equifax denies the allegations in Paragraph 14.

15.     Equifax admits it received a dispute from Plaintiff dated November 6, 2019. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

16.     Equifax admits it sent Plaintiff the results of its reinvestigation, the contents of which speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the reinvestigation results, the allegations are denied.

17.     Equifax denies the allegations in Paragraph 17.

18.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 18.

19.     Equifax states that the consumer credit report speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the consumer credit report, Equifax denies the allegations in Paragraph 19.

20.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 20.

21.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 21.

22.     Equifax 22 states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 22.

23.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 23.

24.     Equifax states that the consumer reports speak for themselves. To the extent Plaintiff misstates, misquotes, or mischaracterizes the consumer reports, Equifax denies the allegations in Paragraph 24.

25.     Equifax denies the allegations in Paragraph 25.

26.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28.     Equifax denies the allegations in Paragraph 28 as they pertain to Equifax. Equifax

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 29.

30.     Equifax denies the allegations in Paragraph 30.

31.     Equifax denies the allegations in Paragraph 31.

32.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32.

33.     Equifax states that the case law speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case law, Equifax denies the allegations in Paragraph 33.

34.     Equifax states that the case law speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case law, Equifax denies the allegations in Paragraph 34.

35.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 39.

40.     Equifax denies the allegations in Paragraph 40. Equifax further states that the case law cited in footnote 2 speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case law cited in footnote 2, Equifax further denies the allegations in Paragraph 40.

41.     Equifax denies the allegations in Paragraph 41 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42.     Equifax denies the allegations in Paragraph 42. Equifax further states that the case law cited in footnote 3 speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case law, Equifax further denies the allegations in Paragraph 42.

43.     Equifax denies the allegations in Paragraph 43.

44.     Equifax denies the allegations in Paragraph 44.

45.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46.     Equifax denies the allegations in Paragraph 46.

47.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

## **CLASS ACTION ALLEGATIONS**

48.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 48.

49.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 49.

50.     Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 50.

51.     Equifax states that the case law speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case law, Equifax denies the allegations in Paragraph 51.

52.     Equifax states that the case law speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case law, Equifax denies the allegations in Paragraph 52.

53.     Equifax denies the allegations in Paragraph 53.

54.     Equifax admits that Plaintiff purports to bring this action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), but denies that this case is appropriate for class certification, and denies that it failed to comply with 15 U.S.C. § 1681i(a)(1) and (2).

55.     Equifax admits that Plaintiff purports to bring this action on her behalf and on the behalf of the class defined in Paragraph 56, but denies that this case is appropriate for class certification.

56.     Equifax admits that Plaintiff purports to bring this action on behalf of the class defined in Paragraph 56, but denies that this case is appropriate for class certification.

57.     Equifax denies the allegations in the first and third sentences of Paragraph 57, and denies that this case is appropriate for class certification. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57.

58.     Equifax admits that Plaintiff purports to bring this action as a class action and that

the proposed class is defined in Paragraph 56, but denies that this case is appropriate for class certification.

59.     Equifax admits that Plaintiff purports to bring this action as a class action and that the proposed class is defined in Paragraph 56, but denies that this case is appropriate for class certification.

60.     Equifax admits that Plaintiff purports to bring this action as a class action and that the proposed class is defined in Paragraph 56, but denies that this case is appropriate for class certification. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60.

61.     Equifax admits that Plaintiff purports to bring this action as a class action and that the proposed class is defined in Paragraph 56, but denies that this case is appropriate for class certification and denies that its conduct violated the FCRA whatsoever.

62.     Equifax admits that Plaintiff purports to bring this action as a class action and that the proposed class is defined in Paragraph 56, but denies that this case is appropriate for class certification.

## FIRST CAUSE OF ACTION

63.     Equifax admits the allegations in Paragraph 63.

64.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65.

66.     Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 66.

67.     Equifax admits it received a dispute from Plaintiff dated November 6, 2019. Equifax states that the dispute speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the dispute with Equifax, the allegations are denied.

68.     Equifax admits it sent Plaintiff the results of its reinvestigation, the contents of which speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the reinvestigation results, the allegations are denied.

69.     Equifax denies the allegations in Paragraph 69.

70.     Equifax states that the consumer reports speak for themselves. To the extent Plaintiff misstates, misquotes, or mischaracterizes the consumer reports, Equifax denies the allegations in Paragraph 70.

71.     Equifax states that the case law speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the case law, Equifax denies the allegations in Paragraph 71.

72.     Equifax denies the allegations in Paragraph 72.

73.     Equifax denies the allegations in Paragraph 73.

74.     Equifax denies the allegations in Paragraph 74.

## LIABILITY AND DAMAGES

75.     Equifax restates and incorporates its responses to the allegations in the preceding Paragraphs as though fully set forth herein.

76.     Equifax denies the allegations in Paragraph 76 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 76.

77.    Equifax denies the allegations in Paragraph 77 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77.

78.    Equifax denies the allegations in Paragraph 78 and denies that Plaintiff is entitled to any relief whatsoever 78.

79.    Equifax denies the allegations in Paragraph 79 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79.

80.    Equifax denies the allegations in Paragraph 80 and denies that Plaintiff is entitled to any relief whatsoever.

81.    Equifax denies the allegations in Paragraph 81 and denies that Plaintiff is entitled to any relief whatsoever.

82.    Equifax denies the allegations in Paragraph 82 and denies that Plaintiff is entitled to any relief whatsoever.

83.    Equifax denies the allegations in Paragraph 83 and denies that Plaintiff is entitled to any relief whatsoever.

84.    Equifax denies the allegations in Paragraph 84 and denies that Plaintiff is entitled to any relief whatsoever.

## **SECOND CAUSE OF ACTION**

85.    Equifax restates and incorporates its responses to the allegations in the preceding

Paragraphs as though fully set forth herein.

86.     Equifax denies the allegations in Paragraph 86 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86.

87.     Equifax denies the allegations in Paragraph 87 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87.

88.     Equifax denies the allegations in Paragraph  88 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88.

89.     Equifax denies the allegations in Paragraph 89 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89.

90.     Equifax denies that Plaintiff is entitled to any of the relief set forth in the unnumbered "WHEREFORE" Paragraph immediately following Paragraph 89.

91.     Equifax admits Plaintiff requests trial by jury.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint. Equifax reserves the right to plead additional defenses that it learns of through the course of discovery.

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against Equifax upon

which relief can be granted.

### SECOND DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

### THIRD DEFENSE

Any damages suffered by Plaintiff and members of the putative class resulted from acts or omissions by parties other than Equifax, for which Equifax is not responsible.

### FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### FIFTH DEFENSE

Plaintiff and the putative class have not sustained damages and do not have standing to assert any of the causes of action enumerated in the Complaint.

### SIXTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

### SEVENTH DEFENSE

Plaintiff's claims do not meet the requirements, in whole or in part, of Fed. R. Civ. P. 23 and thus cannot be maintained as a class action.

## EIGHTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## NINTH DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## TENTH DEFENSE

Equifax denies each and every averment of Plaintiffs' Complaint not specifically admitted in this Answer.

**THEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     Equifax be dismissed as a party to this action;

(3)     Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4)     Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted this 23rd day of March, 2020.

KING & SPALDING LLP

*/s/ Jessica K. Shook*
Jessica K. Shook
1185 Avenue of the Americas, 35th Floor
New York, NY  10036-2601
Telephone: (212) 556-2100
Facsimile: (212) 521-5450

Misty L. Peterson *(pro hac vice*
*application forthcoming)*
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
Telephone: 404-572-4939
Facsímile: 404-572-5100
Email: mpeterson@kslaw.com
*Counsel for Defendant Equifax Information*
*Services LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day caused to be served on counsel for all parties by

electronically filing a true and correct copy of the foregoing with the Clerk of the Court using the

ECF system upon:

      Adam J. Fishbein
      735 Central Avenue
      Woodmere, NY 11598
      Phone: (516) 668-6945
      fishbeinadamj@gmail.com

This 23rd day of March, 2020.

                                   */s/ Jessica K. Shook*
                                   Jessica K. Shook